```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

EMIL HARRIS,                          )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )     No. 4:07 CV 1905 DDN
                                      )
ROBERT L. HENSLEY, et al.,            )
                                      )
                                      )
          Defendant.                  )

**MEMORANDUM AND ORDER REGARDING DISCOVERY MOTION**

This action is before the court on the motion of plaintiff Emil Harris to compel discovery from defendants City of Northwoods, Northwoods Police Department, and Everett Thomas, Mayor of Northwoods (Doc. 83). A hearing was held on September 11, 2008.

Plaintiff alleges in his second amended complaint that on July 29, 2006, he was arrested by Hillsdale, Missouri, police officers for a municipal ordinance violation during a traffic stop. He alleges he was transported to the Northwoods Police Department and placed in a holding cell. He alleges that on July 1, 2006 he complained to the Northwoods Police Department processing clerk, defendant Arvette Ford, about his continued detention without being told the reason why. Plaintiff alleges that defendant Ford called for officers from Velda City to come to the Northwoods Police Department to deal with plaintiff's complaints. Plaintiff alleges that defendant Ford told plaintiff, "Velda City is coming over to kick your ass." (Doc. 34 at ¶ 25.) Plaintiff alleges that defendants Lewis McGee and Mark Winger, Velda City officers, went to the Northwoods Police Department and physically assaulted plaintiff and spoke racial epithets against him. Plaintiff alleges that defendant Ford and another Northwoods police employee witnessed the assault but

> did not call for other law enforcement personnel nor did they take any action whatsoever to intervene and protect the Plaintiff and or prevent the administration of the injuries being administered, though the witnessing police officer and other personnel had an affirmative duty to do so.
>
> 30. Ford, and the other Northwoods personnel either individually and or in concert with Winger and McGee conspired to conceal the battering incident.

(Id. at 29-30.) Plaintiff seeks monetary damages from these defendants under 42 U.S.C. §§ 1983 and 1985 for violation of his federally protected rights (Counts 7, 9, and 12) and under the law of Missouri (Counts 10, 11, and 12).

In his motion to compel the Northwoods defendants (City of Northwoods, Northwoods Police Department, and Mayor Everett Thomas) to comply with his discovery requests, plaintiff argues these defendants did not properly respond to his First Set of Interrogatories Nos. 1 and 7 and his First Request for Production Nos. 3 and 5.

Interrogatory No. 1 is as follows:

State whether Defendant has between January 1, 2003 to January 1, 2008 been a party to an administrative or citizen complaint or civil action, other than the present, relating either in whole or in part to any allegation that you utilized unreasonable and or excessive force and or allowed such force to be used against any citizen. This interrogatory is specific to reported incidents that may have occurred in any place under the jurisdiction of the Defendant's authority.

If you answer affirmatively, set forth [specific information about the matter].

Plaintiff's Request for Production No. 3 seeks production of documentary materials relating to the subject matter of Interrogatory No. 3.[1]

In response to the interrogatory, defendants stated:

Defendants object to this Interrogatory as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, with the exception of that portion inquiring about complaints concerning "allow[ing] such force to be used against any citizen." Subject to, and without waiving the objection:

There have been no such complaints other than Plaintiff's.

And in response to the request for production defendant stated similar objections and then stated:

Defendants are unaware of any such documents other than Plaintiff's original and amended complaints filed in this action and the St. Louis County Police Department

---

[1]Also at issue is defendants' response to plaintiff's Request for Production No. 5, which seeks "[a]ll charges, claims, or complaints of excessive force, police brutality or unlawful restraint, filed against Defendant in the last (5) years." The court considers this request and the response thereto to be determined by the court's consideration of Interrogatory No. 1 and Request No. 3.

- 2 -

> Investigative Report and video CD produced by plaintiff in
> response to Defendants' request for production of documents.

At the hearing it became clear that defendants' responses to these discovery requests (i.e. that there had been no such complaints made other than the plaintiff's) referred only to that part of the requests that referred to the failure to intervene to prevent or stop the use of unreasonable and excessive force, and not to the alleged actual use of unreasonable and excessive force. Therefore, the specific statements that there had been no such complaint, except the plaintiff's, did not refer to complaints alleging the actual use of unreasonable and excessive force.

In their responsive memorandum and during the hearing, defendants argued that the requested information, to which they objected and did not make an answer, was irrelevant because they are not alleged in the amended complaint to have used illegal force but only to have observed its use without intervening.

Defendants' objections are without merit. The Federal Rules of Civil Procedure allow the discovery plaintiff seeks by the subject interrogatory.

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

The question before the court is whether or not information relevant to the allegations against the Northwoods defendants (regarding whether they in their official capacity observed the illegal use of force by another officer without intervening to stop it or take other appropriate action) may be found in information and documents relating to any claim made by a citizen against those defendants that unreasonable and excessive force was actually used against a person.

The court believes that information or evidence relating the specific allegations against the Northwoods defendants reasonably could be found in a complete response to the subject interrogatory and request

for production. The files of one or more complaints against the Northwoods defendants that they were involved in the illegal use of force could contain information about the failure of defendants' personnel to intervene to prevent or to stop the illegal use of force. While the alleged illegal use of force in this case was performed by personnel of a jurisdiction other than Northwoods, the complaint alleges that the force was used in a Northwoods Police Department holding cell and in front of Northwoods police personnel who allegedly did not intervene appropriately.

The same principles indicate the same ruling for defendants' objections to Interrogatory No. 7 which seeks information about the existence of a policy or procedure of the City of Northwoods or its police department that sets forth when an officer may use force lawfully.

During the hearing, counsel for all parties agreed to work out the production of information that plaintiff sought over a reasonable period of time. Because the alternative dispute resolution proceedings will be occurring shortly, the Northwoods defendants agreed to provide plaintiff as soon as practicable a copy of their formal, documentary policy or procedure for the lawful use of force by Northwoods officers.

Therefore,

**IT IS HEREBY ORDERED** that the motion of plaintiff to compel discovery from the Northwoods defendants (Doc. 83) is sustained. Said defendants shall provide the requested information as the parties agree among themselves. Any formal, documentary policy for the lawful use of force by Northwoods police officers shall be produced as soon as practicable.

                                                    /S/   David D. Noce
                                                   **UNITED STATES MAGISTRATE JUDGE**

Signed on September 12, 2008.