```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION

EMIL HARRIS,                     )
                                 )
           Plaintiff,            )
                                 )
      v.                         )        No. 4:07 CV 1905 DDN
                                 )
ROBERT L. HENSLEY, et al.,       )
                                 )
                                 )
           Defendant.            )
```

**MEMORANDUM AND ORDER**
**REGARDING MOTIONS TO SUBSTITUTE AND TO AMEND**

This action is before the court on the motion of defendant Dan Torres to substitute Kent Hanshew for himself as a defendant in the present action (Doc. 68) and the motion of plaintiff Emil Harris for leave to amend his complaint. (Doc. 72).

### I. BACKGROUND

Plaintiff Emil Harris brought this action against defendants Robert Hensley and others for acts which allegedly deprived him of his rights under the Constitution of the United States and under the law of Missouri.

In support of his motion for substitution, defendant Torres argues that Kent Hanshew has replaced him as the Sheriff of Lincoln County. Defendant Torres seeks to have Sheriff Hanshew substituted for him as the defendant Sheriff of Lincoln County, sued in his official capacity. Defendant Torres asserts that he has been sued strictly in his official capacity and that Fed. R. Civ. P. 25(d) provides for the automatic substitution of parties when a public officer dies, resigns, or otherwise leaves office.

Plaintiff contends that defendant Torres has been sued in his individual as well as official capacity, and that his motion should be denied in so far as it would release him from the action in all matters. And plaintiff has moved to amend the complaint to make it clear that he is suing defendant Torres in his individual capacity.

## II. DISCUSSION

Federal Rule of Civil Procedure 25(d) states, in relevant part:

> An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.

Fed. R. Civ. P. 25(d).

Plaintiff has sued defendant Torres in his official capacity as Sheriff of Lincoln County. Dan Torres is described by plaintiff in the styles of the original complaint and of both the first and the second amended complaints, filed November 9, 2007, and March 3 and 27, 2008, respectively, as being sued "[i]n official capacity as Sheriff, Lincoln County, County Jail." (Docs. 1 at 2, 26 at 2, 38 at 2.) Kent Hanshew has replaced defendant Torres as Sheriff of Lincoln County. Rule 25(d) clearly applies. As such, defendant Torres's motion is granted in so far as it adds Kent Hanshew as a defendant sued in his official capacity as Sheriff of Lincoln County.

However, this does not conclude the matter. In his brief supporting his motion to substitute, defendant Torres asserts that he has been sued strictly in his official capacity. However, each of plaintiff's three complaints included clear language that defendant Torres was being sued in his individual capacity as well as his official capacity. (Docs. 1 at 7, 26 at 8, 38 at 8.)

Plaintiff seeks to clear up this contradictory language by his motion for leave to amend his complaint so that it clearly reflects his intention to sue defendant Torres in both his official and individual capacities. Federal Rule of Civil Procedure 15(a) provides that a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Unless there is good reason for denial, "such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment--leave to amend should be granted." Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992). There is, however, no absolute right to amend. Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 224 (8th Cir. 1994). Whether to grant a motion for leave to amend is within the sound discretion of the court. Williams, 21 F.3d at 224; Brown, 957 F.2d at 565.

Defendant Torres has not objected to plaintiff's motion for leave to amend. Further, all of plaintiff's complaints contained a clear statement that defendant Torres was being sued in his individual capacity as well as his official capacity. Under the liberal standard for granting leave to amend, the court concludes that leave should be granted. Defendant Torres shall thus remain a party to the present action in so far as he is being sued in his individual capacity.

For these reasons,

**IT IS HEREBY ORDERED** that the motion of defendant Dan Torres to substitute (Doc. 68) is sustained, in that Kent Hanshew is added to the action as a defendant sued only in his official capacity as the Sheriff of Lincoln County.

**IT IS FURTHER ORDERED** that the motion of plaintiff Emil Harris for leave to amend (Doc. 72) is sustained, in that plaintiff may file, within ten days, an amended complaint that adds Kent Hanshew as a defendant who is sued only in his official capacity as Sheriff of Lincoln County and that alleges that Dan Torres is sued only in his individual capacity.

/S/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 26, 2008.